**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:15CV30-FDW-DSC**

| | |
|---|---|
| **TONJA HELEN LUNDBERG,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **OF REMAND** |
| **CAROLYN W. COLVIN,** ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Brief in Support ..." (document #10), both filed May 27, 2015, and Defendant's "Motion for Summary Judgment" (document #12) and "Memorandum … in Support ..." (document #13), both filed July 24, 2015.

On August 12, 2015, the Court granted the parties leave to file supplemental briefs limited to addressing the potential impact of the Court of Appeals decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). See documents ##15 and 16.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this

1

Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On October 11, 2011, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that she was unable to work as of March 28, 2009. (Tr. 186-199, 220, 224).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on September 23, 2013. (Tr. 50-71).

On November 1, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 9-21). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 14). The ALJ also found that Plaintiff suffered from fibromyalgia, peripheral neuropathy, asthma, generalized anxiety disorder, and depression, which were severe impairments within the meaning of the regulations but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 14-15).

The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform:

> light work[2] … except … **limited to sitting, standing, and walking up to 4 hours** and must be allowed to alternate between sitting and standing up to 2 times per hour. The claimant is limited to occasional postural activities, but should avoid

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]Light work is defined as lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." Id.

2

> scaling ladders, ropes, scaffolds and unprotected heights and working on machinery with dangerous parts. The claimant should avoid concentrated exposure to respiratory irritants. The claimant is able to sustain attention and concentration for up to 2 hours at a time, but is unable to work at a production rate or demand pace. The claimant is further limited to frequent, but not continuous, contact or interactions with co-workers, supervisors, and the public. The claimant must also be permitted to take 1 to 2 additional five-minute rest breaks.

(Tr. 16) (emphasis added). The ALJ then found that Plaintiff could not perform her past relevant work as a cashier II, quality control checker or secretary. (Tr. 20).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. The ALJ posed a hypothetical to a Vocational Expert ("V.E.") that included all but one of the restrictions contained in the RFC quoted above. In pertinent part, the ALJ stated that "[t]he individual **can sit up to six hours**, stand or walk up to four, but must be allowed to alternative between sitting and standing up to two times each hour." (Tr. 68-69) (Emphasis added).

In response to this hypothetical, the V.E. identified jobs as a laundry folder, small parts assembler and cashier II that Plaintiff could perform. The V.E. testified that there are cashier II jobs available that allow for a sit/stand option. The V.E. stated that more than 13,000 of those jobs were available locally. (Tr. 21). The V.E also testified that there was no conflict between her testimony and the Dictionary of Occupational Titles ("DOT"). Id.

The ALJ then posed a second hypothetical that was nearly identical to the first, "except we reduce the individual's tolerance for sitting and standing such that the individual **can sit up to four hours**, and stand or walk up to four hours…would still need the opportunity to alternate between sitting and standing up to two times each hour…[and] needs four to five additional, 10 to 15 minute rest breaks away from the duty station" (Tr. 70) (Emphasis added). The V.E. testified that "[w]ith

3

these additional limitations that would eliminate those jobs, and I would not have any other jobs that would fit within those limitations." (Tr. 70). Significantly, when the ALJ posed a hypothetical that tracked the RFC in its entirety, the V.E. responded that there were no jobs Plaintiff could perform.

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. (Tr. 20-21). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 21).

Plaintiff filed a timely Request for Review by the Appeals Council. On November 21, 2014, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-7).

Plaintiff filed the present action on January 16, 2015. She assigns error to the ALJ's step five finding, citing the discrepancy between the ALJ's RFC finding and the hypothetical posed to the V.E. See Plaintiff's "Brief in Support ..." at 5-8 (document #10). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v.

Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] The ALJ

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable

must complete a two-tiered analysis to determine whether a claimant is disabled at step five of the sequential process. First, the ALJ must determine the claimant's RFC. See 20 C.F.R. §§ 404.1520a, 416.920a. The regulations also require the ALJ to follow a specific procedure for evaluating mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. This includes the use of the "special technique" and as well as rating the degree of functional loss resulting from the mental impairments. Id. If the impairments do not meet or equal a listing, then the ALJ must make an RFC determination identifying the most a claimant can do despite her limitations. 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(3), 404.1545, 416.945.

In the second tier of the step five analysis, the ALJ must determine whether the Commissioner has met the burden of showing that a claimant can perform a job that "exist[s] in significant numbers in the national economy," and is therefore not disabled. 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2). To assist the ALJ in determining whether there is work available in the national economy that a claimant can perform, she may elicit testimony from a V.E. See 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1); Walker v.Bowen, 889 F.2d 47, 50 (4th Cir. 1989). For the V.E.'s testimony to be relevant, it must be based upon all the evidence of record and in response to a proper hypothetical question. Walker, 889 F.2d at 50.

As discussed above, when the ALJ posed a hypothetical that included all of the restrictions contained in the ALJ's RFC determination, the V.E. testified that there were no jobs Plaintiff could perform. The ALJ did not ask and the V.E. did not clarify which of the additional limitations

---

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

contained in the second hypothetical precluded a finding of jobs that Plaintiff could perform. (Tr. 70-71).

In Mascio, supra, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

Concerning step five of the sequential process, the Court held:

> …[w]ithout a careful consideration of an individual's functional capacities to support [a residual functional capacity] assessment based on an exertional category, the adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have.

Id.

Applying those legal principles to the record here, the undersigned concludes that this matter should be remanded for a new hearing. The ALJ was unable to determine whether the jobs named by the V.E. in response to different hypotheticals were, in fact, work Plaintiff could perform. Accordingly, the ALJ's decision denying benefits at step five is not supported by substantial evidence.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #12) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence

Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: September 8, 2015

David S. Cayer
United States Magistrate Judge

---

[4]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).